GRIFFIN, J.,
dissenting.
I respectfully dissent.
My quarrel with the majority opinion is with its basic premise: “Even if Modeste’s testimony on direct gave the impression he had not been involved with law enforcement before, he was entitled to that impression.” I think it is more accurate to say that he was entitled to no impression at all. The State may not imply guilt in this case by offering evidence of guilt of other offenses. Neither, however, can a defendant testify falsely about facts that suggest a lack of criminal knowledge or a lack of a criminal past in order to imply innocence. If the premise of the majority opinion were true, a defendant with a criminal record could testify with impunity that he had no criminal record and the state could not offer testimony to refute this “impression” of “law abidingness” to which the majority suggests he was entitled. The point of introducing a prior criminal record in response to such testimony is not to convict on the basis of prior bad acts but rather to show that the defendant lies. Whenever a defendant takes the stand and lies, the state is entitled to impeach. The state is not disabled from impeachment because the lie relates to prior criminal history or knowledge of criminal matters. When the defendant chose to say under oath that he “was not aware of the term ‘cannabis,’ ” falsely implying innocence through a lack of prior knowledge of the crime, the state was entitled to show that he had twice been arrested for “possession of cannabis.” Thus, he was not a credible witness and his testimony concerning the crime was not to be believed.